UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

LE'RUN NIGHTENGALE,                               :

                          Petitioner,   :

                                         :   MEMORANDUM DECISION
                                         :           AND ORDER

            - against -                     :   05-cv-1994 (GBD) (THK)

                                         :

CONWAY,                                           :

                      Respondent.   :

------------------------------------------------------------ x

George B. Daniels, United States District Judge:

    *Pro se* petitioner Le'Run Nightengale filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for three counts of Robbery in the First Degree, upon a jury verdict rendered in the Supreme Court of the State of New York on November 14, 2001. Petitioner argues that his due process rights were violated when the New York trial court admitted witness identification evidence obtained through an unduly suggestive police lineup. Petitioner also claims that he was deprived of a fair trial because that court permitted the prosecutor to inquire into facts underlying certain of petitioner's prior convictions during cross-examination. The third basis for petitioner's application is his claim that the sentence imposed by the trial court was excessively harsh.

    This matter was referred to Magistrate Judge Theodore H. Katz for a Report and Recommendation ("Report"). Magistrate Judge Katz issued a Report recommending that petitioner's application should be denied and that a certificate of appealability not be issued. This Court adopts the Report's recommendations in their entirety.

This Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within a magistrate judge's report. 28 U.S.C. § 636(b)(1). If the parties file objections to a report, the Court must make a *de novo* determination of those portions of the report to which objections are submitted. Id.; see also Fed. R. Civ. P. 72(b). After reviewing a report, this Court may receive further evidence from the parties or recommit the mater to the magistrate judge with further instructions. See id.; 28 U.S.C. § 636(b)(1)(C). If the parties choose not to file objections, this Court may accept the Report provided there are no patent errors on the face of the record. See Fed. R. Civ. P. 72(b)(3); see also Rodriguez v. Astrue, No. 07 civ. 534, 2009 WL 637154, at * 1 (S.D.N.Y. Mar. 9, 2009) (applying "facially erroneous" standard to review of magistrate judge's report); Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991) (same).

After reviewing both the record and photographs of the police lineup at issue, the magistrate judge found that "there were no significant observable differences" in the heights of the lineup participants and that the placards held by those participants "served to conceal their weight differences." Report at 17. The magistrate judge also noted that "some of the [lineup] fillers [had] a skin tone similar to Petitioner's." Id. at 18. Accordingly, the magistrate judge correctly applied the standard set forth in Raheem v. Kelly, 257 F.3d 122 (2d Cir. 2001) to determine that the police lineup in which petitioner was identified was not "unduly suggestive". Id. at 134 (holding that a lineup is impermissibly suggestive if the defendant "meets the description of the perpetrator given by the witnesses and the other members of the lineup obviously do not"); Report at 17-18.

The Report also detailed facts adduced at trial which established that the witnesses who

identified petitioner in the lineup had a "clear view of [petitioner's] body and facial features" throughout the extended period in which the robbery occurred.  Report at 18.  Therefore, in light of the witnesses' opportunity to carefully observe petitioner, the magistrate judge found that the witness identification in this case was "independently reliable" and, thus, would have been admissible even if the lineup itself had been impermissibly suggestive.  Id. at 18-19; see also Manson v. Brathwaite, 432 U.S. 98, 114, 97 S.Ct. 2243, 2253 (1977) (factors making identification independently reliable include "the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation"); accord Brayboy v. Scully, 695 F.2d 62, 65 (2d Cir. 1982).

  Magistrate Judge Katz rightly concluded that the trial court's decision to allow the prosecutor to cross-examine petitioner with respect to four of his nine prior convictions did not provide a basis for petitioner's habeas petition.  The record shows that on October 9, 2001, the trial court conducted a hearing pursuant to People v. Sandoval, 34 N.Y.2d. 371, 357 N.Y.S.2d 849 (N.Y. 1974) to determine the appropriate scope of the prosecutor's examination.  See Report at 5.  The trial court was not obligated to prevent the prosecutor from inquiring into petitioner's prior convictions, and petitioner has not presented evidence to show that the court abused its discretion in setting limits on the prosecutor's cross-examination.  See generally People v. Haynes, 97 N.Y.2d 203, 208, 738 N.Y.S.2d 663, 666 (N.Y. 2002) (citing "the absence of any absolute prohibition on inquiry into the nature of prior similar crimes" on cross examination).  The Report further noted that the trial court provided "a limiting instruction to the jury, warning them that evidence of prior convictions is not evidence of guilt and is to be used only to assess

the defendant's credibility." Report at 24, n. 3.  Thus, petitioner has failed to show that the state court committed any error with regard to the prosecutor's cross-examination, much less one of "constitutional magnitude" sufficient to require that a writ be issued.  See Ayala v. Leonardo, 20 F.3d 83, 92 (2d Cir. 1994).

The magistrate judge also correctly concluded that petitioner's claim, that his sentence was excessive, failed to present a constitutional question.  Petitioner concedes that his sentence was "five years less than the maximum" applicable to his offense.  See Report at 27.  It is well settled that a sentence of a term of imprisonment within the range prescribed under state law does not present a federal question to be resolved on a petition for habeas corpus.  See Dorsey v. Irvin, 56 F.3d 425, 427 (2d Cir. 1995); White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992).

In his report, the magistrate judge advised the parties that their failure to file timely objections thereto would constitute a waiver of such objections.  See Report at 28; see also Fed. R. Civ. P. 72(b).  Neither party filed objections to the Report, and their time to do so has expired. After carefully reviewing the Report, this Court finds that the record is not facially erroneous. Accordingly, this Court adopts the Report and, for the reasons stated therein, petitioner's application for a writ of habeas corpus is hereby denied and his petition is dismissed.

Because petitioner has not made a substantial showing that he was deprived of any federal right, a certificate of appealability will not issue.  See 28 U.S.C. § 2253.  Moreover, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken

in good faith. See Stone v. New York City Dept. of Homeless Services, 159 Fed.Appx. 324, 325 (2d Cir. 2005).

Dated: New York, New York
April 9, 2009

SO ORDERED:

*George B Daniels*
GEORGE B. DANIELS
United States District Judge